IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BARRY HONIG**, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 16-cv-02432 LMM |
| | ) |
| **Christopher Drose**, "Bleecker Street Research" and **DOES 1-10** Defendants | ) ) ) ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Christopher Drose ("Defendant Drose") hereby files this Memorandum of Law in Support of Defendants' Motion for leave to Amend his Answer to Plaintiff's Complaint, showing the Court as follows:

### I.   Introduction

On July 27, Defendant Drose filed his Answer and Affirmative Defenses (the "Original Answer"). [Doc. No. 10] Defendant Drose is now seeking leave of the Court to file an Amended and Restated Answer and Affirmative Defenses (the "Amended Answer"). A copy of the proposed Amended Answer is attached hereto as Exhibit A. The Proposed Amended Answer includes two defenses that were not included in the Original Answer, a proposed Fifth Affirmative Defense and a

proposed Eleventh Affirmative Defense. The proposed Fifth Defense raises the Georgia anti-SLAPP statute (O.C.G.A. §51-5-7(4) and §9-11-11.1). That statute was amended effective July 1, 2016, to track the California anti-SLAPP statute.

In accordance with the Federal Rules of Civil Procedure, Defendant Drose has filed his Motion for Leave to Amend Answer and this supporting Memorandum of Law. (*See*, Fed. R. Civ. P. 15) The Amended Answer is not proposed for the purpose of delay and Plaintiff will not be prejudiced by the granting of the relief requested herein. Plaintiff's counsel was been notified of the intention of Defendant Drose to file this Motion, but has taken no position with respect to the motion as of this date.

## II. Summary of Proceedings

Plaintiff filed his complaint on July 5, 2016. The complaint was served on Defendant Drose on July 7, 2016  Plaintiff filed a Motion for Expedited Discovery on July 22, 1016. Defendant Drose filed his answer to the complaint on July 27, 2016. Defendant Drose filed a Notice of Acknowledgment of Service of the motion for Expedited Discovery on August 2, 2016 and on August 10, 2016 Defendant Drose filed a response to Plaintiff's Motion for Expedited Discovery making no objection to the Motion. An order was entered on August 15, 2016 granting Plaintiff's Motion for Expedited Discovery, authorizing the Plaintiff to serve his proposed Interrogatories and Requests for Production of Documents on

Defendant Drose and directing Defendant Drose to respond to this discovery within 15 days.  The order granting the motion to expedite ordered Defendant Drose to make himself available for his deposition within 14 days after the service of responses to the plaintiff's written discovery.

Defendant Drose is filing this Motion for Leave to Amend Answer 29 days after he filed his original answer and before any Rule 26(f) Planning Conference has occurred, before any Joint Preliminary Report and Discovery Plan has been prepared or filed, before the entry of any Scheduling Order, and before any Mandatory Disclosures are due.  The purpose of this Motion to Amend is to permit Defendant Drose to add the Georgia anti-SLAPP statute and failure to state a claim upon which relief may be granted as affirmative defenses.

Clearly there has been no undue delay and no prejudice to the opposing party will result from allowing the amended Answer.  Moreover, the amended Answer would not be futile, as Georgia's anti-SLAPP law, as amended effective July 1, 2016 presents a potentially viable defense under the facts of this case. The granting of this Motion for Leave to Amend will cause no delay and no prejudice to any party.

### III.  Argument and Citation of Authority

**Defendant Drose Should Be Granted Leave To Amend his Answer.**

Fed. R. Civ. P. 15(a) (1) and (2) provides as follows with respect to amendments to pleadings:

> (a) AMENDMENTS BEFORE TRIAL.
> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." For the reasons set forth below, the motion should be granted.

In this case Defendant Drose is seeking leave to amend his answer 29 days after having filed his original answer, so Fed. R. Civ. P. 15(a) (2). The dispositive case on the issue of leave to amend a pleading is *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In that case after holding that trial courts have broad discretion in permitting or refusing to grant leave to amend pleadings, the Supreme Court established the parameters of the trial court's discretion, as follows:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

4

allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be `freely given.

*Id.* at p. 182.

Accordingly, Motions for leave to amend pleadings are liberally granted in the absence of sound reasons for denial. *Burger King Corp. v. Weaver*, 169 F.3d 1310 (C.A.11 (Fla.), 1999).  In the *Burger King* case, the Eleventh Circuit quoted *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir.1981) with approval, as follows: "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id*. at 1319 See, also, *State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981) ("Mere delay … absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Id*. at 856.)

The same rule applies, whether the motion to amend pertains to a complaint or to an answer.   In the case of *Trinity Carton Co., Inc. v. Falstaff Brewing Corp*., 767 F.2d 184 (C.A.5 (La.), 1985) the Fifth Circuit made the following observation in connection with a motion to amend an answer to add an affirmative defense:

> [T]he requirement that affirmative defenses be pleaded or waived must be applied in the context of the Federal Rules' liberal pleading and amendment policy, the goal of which is to do substantial justice. … Discretionary denial of leave to amend must be based on a "substantial reason," [Citations Omitted] … including undue delay, bad faith or dilatory motive, or undue prejudice to the opposing party.

Id., at p. 194.

Admittedly there are limits to a district Court's discretion in permitting amendments to pleadings, but these limits have not been approached in this case. See, e.g., *Diaz v. Jaguar Rest. Group, LLC*, 627 F.3d 1212 (11th Cir.(Fla.), 2010)

The proposed amendment to the answer of Defendant Drose is premised on Georgia's anti-SLAPP law ((O.C.G.A. §51-5-7(4) and §9-11-11.1). Prior to the July 1, 2016 amendments, Georgia's anti-SLAPP law was focused on good faith statements concerning issues of public interest or concern (i) that were made before or to "a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law," or (ii) that were made "in connection with" an issue under consideration or review by such a governmental body. O.C.G.A. §51-5-7(4) (2015) and §9-11-11.1 (C)(1) and (2)(2015).

After the July 1, 2016 amendment, the protection of the anti-SLAPP statute was extended to statements "in connection with an issue of public interest or concern" that are made "in a place open to the public or a public forum" or "[a]ny other conduct in furtherance of the exercise of the constitutional right of petition or free speech in connection with" such an issue. O.C.G.A. §51-5-7(4) (2016) and §9-11-11.1 (C)(3) and (4) (2016).[1] Thus, the anti-SLAPP statute, as amended, presents a potentially dispositive defense, as the Blog at issue in this case was

---

[1] On July 26, 2016 when counsel for defendant Drose checked O.C.G.A. §51-5-7(4) and §9-11-11.1 online before filing the Answer for Defendant Drose, these statutes did not reflect the July 1, 2016 amendment.

6

posted in an online public forum and Defendant Drose believes that the Blog addressed an issue of public interest or concern, especially to the investing public and participants in the securities industry.

## IV.  CONCLUSION.

For the reasons set forth above, the Motion for Leave to Amend Answer filed by Defendant Drose should be granted.

Dated: August 25, 2016.

s/ Jerry L. Sims
Jerry L. Sims, GA Bar No. 648400

DAVIS GILLETT MOTTERN & SIMS, LLC
Promenade, Suite 2445
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Direct: (770) 481-7207
Cell:  (770) 335-4140
Fax: (404) 521-4995
Email: jlsims@ilglaw.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Answer and Affirmative Defenses has been electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record for Plaintiffs, as follows:

>Christopher Campbell
>DLA PIPER LLP (US)
>One Atlantic Center
>1201 West Peachtree Street, Suite 2800
>Atlanta, Georgia  30309-3450
>
>Perrie M. Weiner
>Robert D. Weber
>DLA PIPER LLP (US)
>2000 Avenue of the Stars
>Suite 400 North Tower
>Los Angeles, CA 90067-4704
>
>Charles J. Harder
>HARDER MIRELL & ABRAMS LLP
>132 S. Rodeo Dr. Suite 301
>Beverly Hills, CA  90212

This 25th day of August, 2016.

>s/Jerry L. Sims
>Jerry L. Sims GA Bar No. 648400
>Attorney for Plaintiff