# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| **BARRY HONIG**, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | ) |
| | ) CASE NO. 16-cv-02432 LMM |
| | ) |
| **Christopher Drose**, "**Bleecker Street Research**" and **DOES 1-10** | ) |
| Defendants | ) |
| | ) |
| | ) |

## FIRST AMENDED AND RESTATED ANSWER

Defendant Christopher Drose ("Defendant Drose") by and through his counsel, hereby files his answer, to Plaintiff's complaint. To the extent that an answer is required to the headings appearing in bold in Plaintiff's Complaint, the headings are DENIED. Defendant Drose answers the numbered paragraphs of the Plaintiff's complaint seriatim, as follows:

1. The allegations of paragraph 1 are denied, except that Defendant Drose admits that he used the pseudonym "Bleecker Street Research" or "Bleecker Research," with respect to various blogs posted online including the blog posted on the *Seeking Alpha* website that is at issue in this case (the "Blog").

2. The allegations of paragraph 2 are denied.

3. The allegations of paragraph 3 are denied, except that Defendant Drose admits that the Blog remained online for 9 days, and Defendant Drose further admits that he withdrew the Blog from the *Seeking Alpha* website and published a retraction of the Blog on that website which was drafted by Plaintiff's counsel with the understanding that Honig would not pursue litigation against him upon the posting of the retraction and the fulfillment of other conditions.

4. The allegations of Paragraph 4 are denied.

5. The allegations of paragraph 5 are denied, as plaintiff is not entitled to any legal or equitable remedies against Defendant Drose.

6. As to paragraph 6, Defendant Drose admits that Plaintiff is an investor who held stock in ChromaDex and Pershing Gold, but Defendant Drose is without knowledge or information sufficient to form a belief as to location of the Plaintiff's State of legal residence.

7. As to paragraph 7, Defendant Drose admits that he is a resident of Atlanta, Georgia and that he uses the pseudonyms "Bleecker Street Research" and "Bleecker Research" in his blogs, but the remainder of the allegations of that paragraph are denied.

8. The allegations of paragraph 8 are admitted.

9. The allegations of Paragraph 9 are denied.

10. The allegations of Paragraph 10 are denied.

11. Defendant Drose is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 11, except Defendant Drose admits the allegation that Pershing Gold is an emerging Nevada gold exploration company.

12. Defendant Drose is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. The allegations of Paragraph 13 are denied.

14. The allegations of Paragraph 14 are admitted, except Defendant Drose denies that Plaintiff has any valid claim against him.

15. The allegations of Paragraph 15 are denied.

16. The allegations of the last two sentences of paragraph 16 are admitted. The allegations of the remainder of paragraph 16 are denied.

17. The allegations of Paragraph 17 are denied.

18. The allegations of the first sentence of paragraph 18 are admitted except the characterization of the blogs as "negative" is denied as an oversimplification. Defendant Drose is without knowledge or information sufficient to form a belief as to the truth of the allegations of the remainder of paragraph 18.

19. The allegations of paragraph 19 are admitted except that the allegation that Defendant Drose wrote the "article" (the Blog) is denied.

20. The allegations of paragraph 20 are denied. Defendant Drose did not draft the blog.

21. The allegations of paragraph 21 are denied, except Defendant Drose admits that the specific statements allegedly made in the Blog were contained therein substantially in the form alleged. Defendant Drose shows that all of the statements were made in the good faith belief that they were true, were clearly expressions of opinion, and were substantially correct. Defendant Drose had a reasonable basis for believing that such statements were true, including the fact more than 100 small cap stocks, in which Plaintiff was named in various public filings as an investor, lost billions of dollars in shareholder value following his identification as an investor.

22. The allegations of paragraph 22 are denied.

23. The allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 are denied.

28. The allegations of paragraph 28 are denied.

29. The allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 are admitted, but Defendant Drose shows that the retraction was drafted primarily by Charles J. Harder, one of Plaintiff's attorneys, and was posted by Defendant Drose in the belief that the Plaintiff would drop his claims. Defendant Drose was told by Mr. Harder that once the Blog was deleted, the retraction posted, and "the editors send out alerts to all *Seeking Alpha* followers of Pershing Gold, ChromaDex, Barry Honig, and all of its PRO subscribers, then yes, the demands for retraction and apology will be fulfilled and we will be finished with this process."

31. In answer to the allegations of paragraph 31, Defendant Drose incorporates by reference paragraphs 1 through 30 of this answer as though fully set forth in this paragraph.

32. The allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 are denied. Defendant Drose shows the statements were clearly expressions of opinion that were substantially true, that he had a reasonable basis for believing that such statements were true.

34. Defendant Drose admits that the Blog was posted to the *Seeking Alpha* website but denies the remaining allegations of paragraph 34.

35. The allegations of paragraph 35 are denied.

36. The allegations of paragraph 36 are denied.

37. The allegations of paragraph 37 are denied.

38. The allegations of paragraph 38 are denied.

39. The allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 are denied.

41. In answer to the allegations of paragraph 41, Defendant Drose incorporates by reference paragraphs 1 through 40 of this answer as though fully set forth in this paragraph.

42. The allegations of paragraph 42 are denied.

43. The allegations of paragraph 43 are denied.

44. Defendant Drose admits that the Blog was posted to the *Seeking Alpha* website but denies the remaining allegations of paragraph 44.

45. The allegations of paragraph 45 are denied.

46. The allegations of paragraph 46 are denied.

47. The allegations of paragraph 47 are denied.

48. The allegations of paragraph 48 are denied.

49. The allegations of paragraph 49 are denied.

50. The allegations of paragraph 50 are denied.

51. The allegations of paragraph 51 are denied.

52. In answer to the allegations of paragraph 52, Defendant Drose incorporates by reference paragraphs 1 through 51 of this answer as though fully set forth in this paragraph.

53. Defendant Drose is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54. The allegations of paragraph 54 are denied.

55. The allegations of paragraph 55 are denied.

56. The allegations of paragraph 56 are denied.

57. The allegations of paragraph 57 are denied.

58. In answer to the allegations of paragraph 58, Defendant Drose incorporates by reference paragraphs 1 through 57 of this answer as though fully set forth in this paragraph.

59. The allegations of paragraph 59 are denied.

60. The allegations of paragraph 60 are denied.

61. The allegations of paragraph 61 are denied.

62. The allegations of paragraph 62 are denied.

63. In answer to the allegations of paragraph 63, Defendant Drose incorporates by reference paragraphs 1 through 62 of this answer as though fully set forth in this paragraph.

64. The allegations of paragraph 64 are denied.

65. The allegations of paragraph 65 are denied.

66. The allegations of paragraph 66 are denied.

67. The allegations of paragraph 67 are denied.

68. The allegations of paragraph 68 are denied.

69. The allegations of paragraph 69 are denied.

## AFFIRMATIVE DEFENSES

Defendant, without assuming the burden of proof concerning matters upon which Plaintiff bears the burden, alleges for his defenses, as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has waived its right to recover against Defendant Drose by reason of Plaintiff's own conduct and courses of action, including interactions by counsel for Plaintiff with Defendant Drose prior to the commencement of this action.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is estopped from pursuing this action against Defendant Drose by reason of Plaintiff's own conduct and courses of action, including interactions by

counsel for Plaintiff with Defendant Drose prior to the commencement of this action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff claims against Defendant Drose are barred by illegality by reason of Plaintiff's own conduct and courses of action, both before and after the posting of the blog by Defendant Drose.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands, inequitable conduct and bad faith.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by O.C.G.A. §51-5-7(4) and §11-9-11.1 which protect statements in the Blog posted by Defendant Drose online in the public forum *Seeking Alpha* and other conduct of Defendant Drose, because such statements and other conduct were "made in good faith as part of an act in furtherance of … right of petition or free speech under the Constitution of the

United States or the Constitution of the State of Georgia in connection with an issue of public interest or concern …."

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by O.C.G.A. 51-5-7(9) which protects statements like those in the Blog posted by Defendant Drose on the actions of public figures and limited purpose public figures such as Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by O.C.G.A. 51-5-7(1) and (2) which protects statements like those in the Blog posted by Defendant Drose that were made in good faith in the performance of a public duty or a legal or moral private duty.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the substantial truth privilege, as the alleged libelous statements in the Blog were substantially true.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the fair report privilege, as the alleged libelous statements were fair reports of information obtained from publicly available sources.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Claims must be dismissed in accordance with FRCP Rule 19(b) due to Plaintiff's inability to join unnamed indispensable parties.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant Drose upon which relief may be granted.

### TWELFTH AFFIRMATIVE DEFENSE

Even if Defendant Drose were liable to Plaintiff on any of Plaintiff's claims, which Defendant Drose expressly denies, in mitigation of Plaintiff's damage claims, Defendant Drose had the Blog removed from the *Seeking Alpha* website and posted a retraction on the same website in the same manner in which the Blog was originally posted.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Drose respectfully requests that the Court enter judgment in favor of Defendant Drose, as follows:

A. denying all relief to Plaintiff;

B. discharging Defendant Drose from any and all liability to Plaintiff; and

C. casting all costs of this action against Plaintiff.

Dated: _____, 2016

						_____
						Jerry L. Sims, GA Bar No. 648400

DAVIS GILLETT MOTTERN & SIMS, LLC
Promenade, Suite 2445
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Direct: (770) 481-7207
Cell:  (770) 335-4140
Fax: (404) 521-4995
Email: jlsims@ilglaw.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Answer and Affirmative Defenses has been electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record for Plaintiff:

>Christopher Campbell
>DLA PIPER LLP (US)
>One Atlantic Center
>1201 West Peachtree Street, Suite 2800
>Atlanta, Georgia  30309-3450
>
>Perrie M. Weiner
>Robert D. Weber
>DLA PIPER LLP (US)
>2000 Avenue of the Stars
>Suite 400 North Tower
>Los Angeles, CA 90067-4704
>
>Charles J. Harder
>HARDER MIRELL & ABRAMS LLP
>132 S. Rodeo Dr. Suite 301
>Beverly Hills, CA  90212

Submitted this __ day of _____, 2016.

>_____
>Jerry L. Sims  GA Bar No. 648400
>Attorney for Plaintiff