IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARRY HONIG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER DROSE, d/b/a "Bleecker Street Research" and DOES 1-10<br><br>Defendants. | CASE NO. 1:16-cv-02432-CAP |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Barry Honig ("Plaintiff") and Defendant Christopher Drose, d/b/a Bleecker Street Research ("Defendant") collectively submit this Joint Preliminary Report and Discovery Plan. Where the parties could not agree on stipulated language for a particular section, the response of each party is identified separately and included within each area of information.

1. **Description of Case:**

   (a) **Describe briefly the nature of this action.**

   **Plaintiff:**

WEST\274166658.1

This is an action for libel, interference with prospective economic advantage and negligence arising from the publication of an article about Plaintiff which was authored and widely disseminated by Defendant and other persons whose identities have not yet been ascertained by Plaintiff through discovery.

**Defendant:**

Defendant Drose disputes the allegations of Plaintiff, including for example, the allegations that he took any action for economic advantage and that he authored the article. Defendant also disputes the implication that he has not identified the individual who did author the article.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Plaintiff:**

On or before June 20, 2016, Defendant drafted an article in cooperation with other as yet unidentified conspirators, entitled *"Pershing Gold and ChromaDex Exposed: These Barry Honig Names Could Fall 70-80% (Or More)."* (hereinafter the "Article"). The Article concerned Plaintiff and his involvement with public companies ChromaDex, Inc. ("ChromaDex") and Pershing Gold Corporation ("Pershing Gold"). Defendant submitted the Article to the *Seeking Alpha* website for publication. On June 20, 2016, *Seeking Alpha* posted the Article

on its site, listing the author as "Bleecker Street Research," Defendant's pseudonym.

Plaintiff contends that prior to publication of the Article, Defendant and others with whom Defendant conspired transacted short sales of the publicly traded securities of ChromaDex and Pershing Gold. Plaintiff contends that Defendant and his conspirators intended to publish a false, negative article about Plaintiff for the purpose of driving down the market price of ChomaDex and Pershing Gold stock, so that they could then cover their short sales and reap illicit profits. In fact, the Article expressly states that its author holds short positions in ChomaDex and Pershing Gold stock.

Plaintiff contends that the Article contained negative, false and defamatory statements regarding Plaintiff and his involvement with ChromaDex and Pershing Gold, which were designed to drive down the market price of those stocks. On the day that the Article was published, the market price of ChromaDex stock immediately dropped over 50%, destroying over $100 million of shareholder value. Plaintiff is informed and believes that shortly after the Article was published, the Defendants covered their short positions and profited thereby.

Nine days after the Article was published, Defendant Drose publicly admitted that statements in the article "were not supported," that readers should "not rely" on "certain aspects of the article and statements of the author therein," and he caused Seeking Alpha to remove the Article in its entirety from its website.

Plaintiff contends that the actions of the named and unnamed defendants caused him significant financial damages and harm to his reputation.

**Defendant:**

The Plaintiff is a well-known public figure in the investment sector of small cap stock promotion and is the subject of, or mentioned in, numerous articles published on-line and in print about that financial sector. Defendant is a recent college graduate who is currently employed as an analyst by a hedge fund. He has been conducting independent research and publishing articles providing his analysis focusing on small cap stocks since his freshman year in college. Some of these articles were published under his name and others were published under the name "Bleecker Street Research. All of his articles were carefully researched and documented, helping him earn the honor of being named one of the "Thirty Under Thirty" in the financial industry by Forbes Magazine.

In mid-June 2016, he received a proposed article from an acquaintance regarding two small cap stocks, ChromaDex and Pershing Gold. After reviewing

and verifying the supporting research and editing the proposed article he agreed with his acquaintance to submit the proposed article for publication on the "Seeking Alpha" website under the name Bleecker Street Research. The Article was entitled "*Pershing Gold and ChromaDex Exposed: These Barry Honig Names Could Fall 70-80% (Or More).*"and was published on the "Seeking Alpha" website on or about June 20, 2016. Like earlier articles submitted by Defendant for publication, the article was well researched and documented and Defendant believed then and continues to believe, in good faith, that that the article was substantially accurate and true.

On or about June 28, 2016, Defendant received a letter from Charles J. Harder of the law firm of Harder Mirell & Abrams LLP. Mr. Harder threatened to bring a lawsuit against Defendant unless he "remov[ed] the [article] entirely …and publish[ed] a full, fair and conspicuous retraction, correction and apology". On June 29, Mr. Harder followed up his demand that the article be removed from the Seeking Alpha website with a demand that an apology be posted on the website and suggesting specific language for the apology. He also demanded that the Defendant request that the "editors send out alerts to all Seeking Alpha followers of Pershing Gold, ChromaDex, Barry Honig, and all of its PRO subscribers" about the retraction of the article.

In order to avoid litigation and without consulting an attorney, the Defendant did all of the things requested by Mr. Harder, including posting an apology in substantially the language required by Mr. Harder. Defendant's retraction and apology for the article was not a bona fide admission against interest, but was a good faith effort to compromise and settle his dispute with Plaintiff and avoid this litigation. Despite Defendant's good faith efforts, this lawsuit was brought by Plaintiff and Plaintiff's counsel is now attempting to take advantage of Defendant's efforts to avoid litigation as an admission against interest by Defendant.

**(c) The legal issues to be tried are as follows:**

Though not intended as an exhaustive list of the myriad legal issues this case presents, Plaintiff states the principal legal issues to be tried include:

**Plaintiff:**

1. Whether Defendant (and other as yet unnamed conspirators) wrongfully published false and defamatory statements about Plaintiff, with the intent to disparage and harm Plaintiff, so that they could profit from a decrease in the value of Pershing Gold and ChromaDex stock.

2.    Whether Defendant (and other as yet unnamed conspirators) wrongfully, knowingly and intentionally acted to interfere with and destroy or harm Plaintiff's existing and/or prospective business relationships.

3.    Whether Defendant committed negligence in connection with his publishing, and later retraction, of the June 20, 2016 article.

4.    Whether Plaintiff is entitled to damages and attorneys' fees.

**Defendant:**

1.    Whether Plaintiff is a public figure in the small cap stock sector of investments.

2.    Whether any of the statements in the Article were false or defamatory.

3.    If so, whether Defendant published the Article in the good faith belief that the Article was substantially accurate and true.

4.    Whether Defendant profited or sought to profit from the Article.

5.    Whether Defendant conspired with anyone to engage in any of the wrongful activity alleged.

6.    Whether this action against Defendant is barred by the Georgia anti-SLAPP statute.

      7.     Whether Defendant is entitled to attorney's fees under the Georgia anti-SLAPP statute.

      8.     Whether this action is barred by Settlement.

      9.     Whether Plaintiff is barred from bringing this action against Defendant by reason of any affirmative defenses of Defendant.

**(d) The cases listed below (include both style and action number) are:**

    **(1) Pending Related Cases:** None .

    **(2) Previously Adjudicated Related Cases:** None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

| | | |
|---|---|---|
| _____ | (1) | Unusually large number of parties |
| _____ | (2) | Unusually large number of claims or defenses |
| _____ | (3) | Factual issues are exceptionally complex |
| X | (4) | Greater than normal volume of evidence |
| X | (5) | Extended discovery period is needed |
| X | (6) | Problems locating or preserving evidence |
| _____ | (7) | Pending parallel investigations or action by government |
| X | (8) | Multiple use of experts |
| _____ | (9) | Need for discovery outside United States boundaries |
| _____ | (10) | Existence of highly technical issues and proof |

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

<u>**For Plaintiff Barry Honig:**</u>

>Robert D. Weber
>Perrie M. Weiner
>DLA PIPER LLP (US)
>2000 Avenue of the Stars
>Suite 400 North Tower
>Los Angeles, CA 90067-4704
>(310) 595-3000
>(310) 595-3300 (Fax)
>
>Christopher Campbell
>One Atlantic Center
>1201 West Peachtree Street, Suite 2800
>Atlanta, Georgia 30309-3450
>(404) 736-7800
>(404) 682-7800 (Fax)
>
>Charles J. Harder
>HARDER MIRELL & ABRAMS LLP
>132 S. Rodeo Dr. Suite 301
>Beverly Hills, CA 90212
>(424) 203-1600

<u>**For Defendant Christopher Drose:**</u>

>Jerry L. Sims
>DAVIS GILLETT MOTTERN & SIMS LLC
>Promenade II, Suite 2445
>1230 Peachtree Street, NE
>Atlanta, Georgia 30309

(770) 481-7207

4. <u>Jurisdiction</u>:

Is there any question regarding this court's jurisdiction?

____Yes    __X__No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. <u>Parties to This Action</u>:

(a) The following persons are necessary parties who have not been joined:

**Plaintiff:**

Plaintiff is informed and believes and based thereupon alleges in his complaint that as yet undiscovered third parties conspired with Defendant Drose to commit the wrongful actions alleged in the Complaint. Plaintiff is in the process of conducting discovery designed to reveal the identities of those third parties, and will seek to join those parties to this action once their identities are learned.**Defendant:**

As to Plaintiff's statement in this paragraph and in paragraph 6(a) below, Defendant has provided Plaintiff with the name of the author of the Article.

(b) **The following persons are improperly joined as parties:**

None.

(c) **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

(d) **The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6. <u>**Amendments to the Pleadings**</u>:

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

(a) **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

**Plaintiff:**

Plaintiff is informed and believes and based thereupon alleges in his complaint that as yet undiscovered third parties conspired with Defendant Drose to commit the wrongful actions alleged in the Complaint. Plaintiff is in the process of conducting discovery designed to reveal the identities of those third parties, and will seek to amend his complaint to name those parties as additional defendants once their identities are learned.

**Defendant:**

Defendant anticipates filing one additional Amended and Restated Answer to Plaintiff's complaint and may need to file other supplemental or amended answers as Plaintiff amends his complaint.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. <u>Initial Disclosures</u>:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

Defendant has essentially complied with the initial disclosures in its responses to Plaintiff's emergency discovery except to the extent that the production of some documents was objected to in writing as not discoverable under Georgia's anti-SLAPP statute and related case law. Plaintiff agrees to provide its initial disclosure within 20 days and Plaintiff agrees to supplement its initial disclosures within the same time period to the extent appropriate.

9. <u>Request for Scheduling Conference</u>:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

None at this time

10. <u>Discovery Period</u>:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Plaintiff proposes to take discovery regarding all of the claims at issue in this lawsuit. Defendant may file a motion under Georgia's anti-SLAPP statute that Defendant contends would stay discovery.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Plaintiff requests an eight-month discovery track given his belief that there are as yet unascertained conspirators, and additional time will be required to discover their identities. Plaintiff already has propounded certain discovery upon Defendant Drose, to which Defendant Drose has responded. Plaintiff intends to issue subpoenas to a number of broker-dealers through which large short sales were transacted shortly before the article was published, in an effort to identify the identities of persons who conspired with Defendant.

11. **Discovery Limitation:**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

The parties do not request any such changes at this time.

12. **Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

None at this time.

13. **Settlement Potential:**

(a) **Lead counsel for the parties certify by their signatures below that the parties' counsel conducted a Rule 26(f) conference that was held on October 30 , 2016, but there were no settlement discussions.**

For Plaintiff Barry Honig:

Lead counsel (signature): s/ Robert D. Weber

For Defendant Christopher Drose:

Lead counsel (signature): s/ Jerry L. Sims

(b) **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

    (___) A possibility of settlement before discovery.
    ( X ) A possibility of settlement after discovery.
    (___) A possibility of settlement, but a conference with the judge is needed.
    (___) No possibility of settlement.

(c) Counsel ( x ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference has not been scheduled at this time.

(d) The following specific problems have created a hindrance to settlement of this case:

Plaintiff contends that at this early stage of discovery, prior to identification of the full universe of conspirators, the matter is not yet ripe for settlement.

.

WEST\274166658.1  15

Defendant contends that no conspirators are known to him.

14. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties ( ____ ) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this day of _____ 20___.

(b) The parties ( x ) do not consent to having this case tried before a magistrate judge of this court.

Dated: October 31, 2016          **DLA PIPER LLP (US)**

s/Robert D. Weber
---
Robert D. Weber (admitted *pro hac vice*)
Perrie M. Weiner (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067-4704
(310) 595-3000
(310) 595-3300 (Fax)

Christopher Campbell
Georgia Bar No. 789533
One Atlantic Center
1201 West Peachtree Street, Suite 2800
Atlanta, Georgia 30309-3450
(404) 736-7800

WEST\274166658.1 16

(404) 682-7800 (Fax)

Charles J. Harder (admitted *pro hac vice*)
**HARDER MIRELL & ABRAMS LLP**
132 S. Rodeo Dr. Suite 301
Beverly Hills, CA 90212
(424) 203-1600

*Attorneys for Plaintiff Barry Honig*

DAVIS GILLETT MOTTERN & SIMS LLC


s/Jerry L. Sims
Jerry L. Sims
Promenade II, Suite 2445
1230 Peachtree Street, NE
Atlanta, Georgia 30309
(770) 481-7207

*Attorneys for Defendant Christopher Drose*

# CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2016, I electronically filed the **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Christopher Campbell  *Attorneys for Plaintiff*
DLA PIPER LLP (US)  *Barry Honig*
One Atlantic Center
1201 West Peachtree Street, Suite 2800
Atlanta, Georgia 30309-3450
(404) 736-7800
(404) 682-7800 (Fax)

Charles J. Harder  *Attorneys for Plaintiff*
HARDER MIRELL & ABRAMS LLP  *Barry Honig*
132 S. Rodeo Dr. Suite 301
Beverly Hills, CA 90212
(424) 203-1600

Jerry L. Sims  *Attorneys for Defendant*
DAVIS GILLETT MOTTERN & SIMS  *Christopher Drose, d/b/a Bleeker Street*
Promenade II, Suite 2445  *Research*
1230 Peachtree Street, NE
Atlanta, Georgia 30309

**DLA PIPER LLP (US)**

s/Robert D. Weber
_____
Robert D. Weber (admitted *pro hac vice*)
Perrie M. Weiner (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067-4704
(310) 595-3000
(310) 595-3300 (Fax)